12-378-cv (L)
Salm v. National Labor Relations Board

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand thirteen,

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             DENNY CHIN,
                      *Circuit Judges.*

―――――――――――――――――――――――――――――――――

ESTATE OF ARTHUR SALM,

                    *Petitioner/Cross-Respondent*,

          -v-                                    12-378-cv (Lead),
                                                 12-1131(XAP),
                                                 12-1190(Con)

NATIONAL LABOR RELATIONS BOARD,

                    *Respondent/Cross-Petitioner*.

―――――――――――――――――――――――――――――――――

NATIONAL LABOR RELATIONS BOARD,

                    *Petitioner*,

          -v-

DOMSEY TRADING CORPORATION, DOMSEY FIBER CORPORATION, DOMSEY INTERNATIONAL SALES CORPORATION, a Single Employer,

                    *Respondents*.

―――――――――――――――――――――――――――――――――

Appearing for Petitioner/Cross-Respondent: Errol F. Margolin, Margolin & Pierce, LLP, New York, NY

Appearing for Respondent/Cross-Petitioner: Robert J. Englehart, Supervisory Attorney, National Labor Relations Board (Lafe E. Solomon, Acting General Counsel, Celeste J. Mattina, Deputy General Counsel, John H. Ferguson, Associate General Counsel, Linda Dreeben, Deputy Associate General Counsel, Milakshmi V. Rajapakse, Attorney, *on the brief*), Washington, DC

Petition for review and cross-petition for enforcement of a decision and order of the National Labor Relations Board.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED** and the cross-petition for enforcement is **GRANTED** in part.

Petitioner, the Estate of Arthur Salm("Salm"), petitions for review of the Third Supplemental Decision and Order of the National Labor Relations Board ("Board" or "NLRB") piercing the corporate veil and finding Salm personally liable for the remedial backpay obligations of Domsey Trading Corporation, Domsey Fiber Corporation, and Domsey International Sales Corporation (collectively, "Domsey"), a single employer for the purposes of the National Labor Relations Act. Salm's liability is joint and several with Domsey. Respondent NLRB cross-petitions for enforcement of its December 30, 2011 order. Domsey has not petitioned for review of the order with respect to its liabilities. We assume the parties' familiarity with the facts and procedural history of the case.

This Court reviews the NLRB's "legal conclusions to ensure that they have a reasonable basis in law." *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. NLRB*, 520 F.3d 192, 196 (2d Cir. 2008) (citation and internal quotation marks omitted). We will "defer to the Board's decision when there appears to be more than one reasonable resolution and the Board has adopted one of these." *Id.* (citation and internal quotation marks omitted). "We review *de novo* the NLRB's application of the law to the facts, but we defer to the NLRB's 'choice between two fairly conflicting views.'" *Beverly Enters., Inc. v. NLRB*, 139 F.3d 135, 140 (2d Cir. 1998) (citation omitted).

In the context of federal labor law and enforcement of orders of the NLRB, it remains the case that the "insulation of a stockholder from the debts and obligations of his corporation is the norm, not the exception." *NLRB v. Deena Artware, Inc.*, 361 U.S. 398, 402-03 (1960). This general norm, however, is not inviolate. To pierce the corporate veil, the NLRB applies the two-prong test laid out in *White Oak Coal Co.*, 318 N.L.R.B 732, 734-35 (1995), *enforced*, 81 F.3d 150 (4th Cir. 1996). Under this test, the NLRB may pierce the corporate veil and impose personal liability on a shareholder or owner if "(1) there is such unity of interest, and lack of respect given to the separate identity of the corporation by its shareholders, that the personalities and assets of the corporation and the individuals are indistinct, *and* (2) adherence to the

2

corporate form would sanction a fraud, promote injustice, or lead to an evasion of legal obligations." *White Oak Coal*, 318 N.L.R.B. at 735.

In analyzing the first prong, the NLRB examines a host of specific factors, including:

(1) whether the corporation is operated as a separate entity; (2) the commingling of funds and other assets; (3) the failure to maintain adequate corporate records; (4) the nature of the corporation's ownership and control; (5) the availability and use of corporate assets, the absence of same, or under capitalization; (6) the use of the corporate form as a mere shell, instrumentality or conduit of an individual or another corporation; (7) disregard of corporate legal formalities and the failure to maintain an arm's-length relationship among related entities; (8) diversion of the corporate funds or assets to noncorporate purposes; and, in addition, (9) transfer or disposal of corporate assets without fair consideration.

*Id.* Of these, "[n]o one factor is determinative, and not all of these factors must be present." *NLRB v. Bolivar-Tees, Inc.*, 551 F.3d 722, 728-29 (8th Cir. 2008). While based on one major transaction, the Board rightly concluded that an analysis of these factors showed that Salm had indeed abused the corporate form to such a degree—by drawing down virtually all of the assets of the Domsey Trading Corporation for his personal use—that the first prong of the *White Oak* test had been met.

The second prong of *White Oak* has also been met because it is clear that the abuse of the corporate form here would indeed promote injustice and allow for the evasion of legal obligations. By removing nearly all of the assets of the corporation, outside of the context of a legitimate winding down or dissolution, Salm made it likely that the corporation would be unable to meet its remedial obligations. Salm argues that because the three Domsey corporations, a single employer, were not shown to be insolvent this prong has not been met. This is not the standard. Here, it is clear that his removal of these funds had the "natural, foreseeable, and inevitable consequence[]" of diminishing Domsey's ability to satisfy its remedial obligations. *Bufco Corp. v. NLRB*, 147 F.3d 964, 969 (D.C. Cir. 1998) (internal quotation marks omitted). Thus, we enforce the Board's decision to pierce the corporate veil and find Salm personally liable for the remedial obligations of Domsey.

While the dissenting member of the Board argued that another form of liability would have been appropriate to address Salm's actions, these two positions amount to "fairly conflicting views" of the application of the law, and we thus defer to the decision of the Board.

The Board also seeks to incorporate its previous decisions in 351 N.L.R.B. 824 (2007) and 355 N.L.R.B. No. 89 (2010), a portion of the order uncontested by Domsey. While it is generally the case that the Board is entitled to summary enforcement of uncontested portions of its orders, *see, e.g.*, *NLRB v. Consol. Bus Transit, Inc.*, 577 F.3d 467, 474 n.2 (2d Cir. 2009); *NLRB v. Vanguard Tours, Inc.*, 981 F.2d 62, 67-68 (2d Cir. 1992), this Court has recently remanded both of those orders to the Board for further proceedings. *NLRB v. Domsey Trading Corp.*, 636 F.3d 33 (2d Cir. 2011). To the extent the Board's order seeks to have those orders summarily enforced without the further proceedings already contemplated by this Court, enforcement is denied.

We have considered Salm's remaining arguments and find them to be without merit. Accordingly, the petition for review is DENIED and the cross-petition for enforcement is GRANTED in part as contemplated by this decision.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4